**EPIFANIO TOLENTINO, Appellant, v. R. S. F. DEVELOPMENT CORP., Respondent.**— In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Kings County, entered October 13, 1972, which denied his motion to suppress his pretrial deposition, taken by defendant, without prejudice to renewal of the motion in the event the dismissal of the action is vacated. Order modified by striking therefrom the words "without prejudice to renewal thereof in the event the dismissal of the action is vacated." As so modified, order affirmed, with $20 costs and disbursements to respondent. Defendant is directed to forward to plaintiff's attorney a copy of the pretrial deposition of plaintiff within 20 days after entry of the order to be made hereon. By order dated January 3, 1972, Mr. Justice Heller dismissed plaintiff's action unless he would submit to a physical examination on a designated date. An appeal was taken from that order but never perfected. Plaintiff, upon the advice of counsel, did not appear for the examination. After the case appeared on the Trial Calendar, defendant moved to strike the case from the calendar and to vacate a statement of readiness on the grounds that the case was not ready for trial and had been dismissed by Judge Heller. Mr. Justice Monteleone denied that motion, on condition that plaintiff submit to an examination on August 16, 1972. Plaintiff was examined on that date. Before the making of Judge Monteleone's order, but subsequent to the bringing of the motion upon which it was made, plaintiff made the motion now under review, to suppress a pretrial deposition that defendant had obtained from him, on the ground that defendant had not supplied him with a copy of the deposition for review and execution. Mr. Justice Samansky denied the motion without prejudice to renewal because, as stated in his memorandum opinion, "it would seem that plaintiff should first move * * * to vacate" Judge Heller's order. Judge Heller's order was a conditional order of dismissal. When Judge Monteleone made his order he did not modify that dismissal, but rather determined that plaintiff's failure to submit to a physical examination was excusable upon all the facts obtaining. The instant action is, therefore, viable and the motion to suppress should therefore have been determined on the merits. To refer this matter back to Special Term would simply result in the waste of more time and energy since, in any event, plaintiff is not entitled to the relief he seeks. Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.

**JEROME VESSICHIO, Respondent, v. DEEPDALE GENERAL HOSPITAL, Appellant, et al., Defendant.**— In a medical malpractice action to recover damages for personal injuries, defendant Deepdale General Hospital appeals from an order of the Supreme Court, Queens County, entered August 14, 1973, which denied its motion to dismiss the action for failure timely to serve a complaint. Order reversed, in the exercise of discretion, without costs, and motion granted. In the absence of any showing of excuse for failure timely to serve a complaint after demand therefor, and of any affidavit showing that the action has merit, Special Term should have unconditionally granted the motion to dismiss the action (*Melfi* v. *Nash,* 40 A D 2d 1017). Gulotta, P. J., Hopkins, Latham and Brennan, JJ., concur.